UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| JOSEPH ANTHONY REYNA,<br><br>Plaintiff,<br><br>v.<br><br>UNITEDMASTERS INC, et al.,<br><br>Defendants. | Case No. 26-cv-00060-PHK<br><br>**ORDER DISMISSING WITHOUT PREJUDICE PLAINTIFF REYNA'S COMPLAINT PURSUANT TO 28 U.S.C. § 1915.**<br><br>Re: Dkt. 1 |

**INTRODUCTION**

Now before the Court is a determination of whether Plaintiff Joseph Anthony Reyna's ("Reyna" or "Plaintiff") Complaint [Dkt. 1] satisfies the mandatory screening requirements of 28 U.S.C. § 1915(e)(2)(B). The Court previously granted Plaintiff's application to proceed *in forma pauperis* ("IFP") in accordance with 28 U.S.C. § 1915(a). [Dkt. 6]. For the reasons set forth herein, the Court **DISMISSES WITHOUT PREJUDICE** Plaintiff's Complaint. [Dkt. 1]. Plaintiff is **GRANTED LEAVE** to file an amended complaint within **thirty (30) days** of this Order. Plaintiff's failure to file an amended complaint within **thirty (30) days** of this Order may result in negative consequences for this case, including the potential for dismissal of this action with prejudice.

**RELEVANT BACKGROUND**

On January 5, 2026, Plaintiff filed the instant Complaint against named Defendants UnitedMasters, Inc. and UnitedMasters LLC ("Defendants" or collectively "UnitedMasters"). [Dkt. 1]. In the Complaint, Plaintiff alleges (1) Misappropriation of Trade Secrets under the Defend Trade Secrets Act, 18 U.S.C. § 1836; (2) Misappropriation of Trade Secrets under the California Uniform Trade Secrets Act, Cal. Civ. Code § 3426; (3) Unfair Competition under the Cal. Bus. & Prof. Code

United States District Court
Northern District of California

§ 17200; (4) False and Misleading Representations under Lanham Act Section 43(a), 15 U.S.C. § 1125(a); and (5) Tortious Interference with Prospective Economic Advantage. *Id.* at 1-2. Plaintiff alleges that jurisdiction is proper pursuant to 28 U.S.C. §§ 1331 and 1338 and asserts supplemental jurisdiction over the state law claims under 28 U.S.C. § 1367. *Id.* at 3. Plaintiff filed an IFP application on the same day he filed his Complaint, [Dkt. 2], which the Court granted on April 13, 2026. [Dkt. 6]. Now the Court undertakes the mandatory screening of the Complaint pursuant to Section 1915.

## LEGAL STANDARD

Any complaint filed pursuant to the *in forma pauperis* provisions of Section 1915(a) is subject to mandatory review by the Court and *sua sponte* dismissal if the Court determines the complaint is: (A) "frivolous or malicious," (B) "fails to state a claim on which relief may be granted," or (C) "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B)(i)–(iii).

If the Court dismisses a case pursuant to Section 1915, the Plaintiff may still file the same complaint by paying the filing fee because dismissal is not on the merits; rather, the dismissal is an exercise of the Court's discretion under the *in forma pauperis* statute. *Biesenbach v. Does 1-3*, No. 21-cv-08091-DMR, 2022 WL 204358, at *2 (N.D. Cal. Jan. 24, 2022) (citing *Denton v. Hernandez*, 504 U.S. 25, 32 (1992)).

In reviewing the instant Complaint, the Court is cognizant that a *pro se* Plaintiff's pleadings are liberally construed and afforded the "benefit of any doubt." *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012) (citation omitted).

## DISCUSSION

### A.  Whether the Complaint is Frivolous or Malicious

As an initial matter, the Court finds Plaintiff's Complaint is not "frivolous or malicious" within the meaning of 28 U.S.C. § 1915(e)(2)(B)(i).  A "case is frivolous if it is 'of little weight or importance: having no basis in law or fact.'" *Andrews v. King*, 398 F.3d 1113, 1121 (9th Cir. 2005) (citations omitted). "A case is malicious if it was filed with the 'intention or desire to harm another.'" *Id.* (citations omitted).

United States District Court
Northern District of California

Here, in summary, Plaintiff alleges that Defendants obtained proprietary information about the "PROCoin Architecture," a blockchain-based royalty system Plaintiff allegedly developed, which Defendants then allegedly improperly used in their own product and about which Defendants allegedly made misleading representations to the public. [Dkt. 1 at 4–7].  As a result, Plaintiff alleges that he suffered damages including economic and reputational harm. *Id.* at 7. Specifically, Plaintiff alleges that he approached Defendants regarding at least part of the PROCoin Architecture in an effort to explore business collaboration. *Id.* at 6. Liberally construing this *pro se* pleading, Plaintiff appears to allege that Defendants misappropriated Plaintiff's information conveyed in his proposals and that Defendants obtained full information about operating the PROCoin Architecture by combining information Plaintiff previously transmitted to them from 2018 to 2020, as well as details of the PROCoin Architecture conveyed to others in the industry. *Id.* at 5–6. Plaintiff alleges that Defendants subsequently marketed a product with PROCoin Architecture features "to independent artists, including California-based artists," without disclosing limitations "material" to "artist decision-making." *Id.* at 4, 6–7.

With regard to subject matter jurisdictions, Plaintiff alleges that subject matter jurisdiction is proper under 28 U.S.C. §§ 1331 and 1338. As noted, the First Cause of Action is a trade secret claim under 18 U.S.C. § 1836 [Dkt. 1 at 8], and this Court has original jurisdiction of such claims under 18 U.S.C. § 1836(c).  Further, the Fourth Cause of Action asserts a claim for false and misleading representations under the Lanham Act, *id.* at 9, and this Court has original jurisdiction of such claims under 15 U.S.C. § 1121(a).  Because the Complaint asserts federal law claims over which the Court has original jurisdiction, the Court has the authority to exercise supplemental jurisdiction and hear state law "claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy" under 28 U.S.C. § 1367(a).

Based on this review of the allegations of the Complaint and the subject matter of the causes of action, the Complaint here does not appear to be frivolous because, liberally construed, it asserts claims which appear to have some basis in law and fact.

Further, the Complaint here is not malicious because there is no indication of an "intention or desire to harm another." *Andrews*, 398 F.3d at 1121. Plaintiff is pursuing private causes of action

3

against Defendants based on allegations that they misappropriated his PROCoin Architecture and have made misrepresentations about their own product, all in alleged violations of various statutes, resulting in claimed economic and reputational harms.

For these reasons, the Court concludes that the Complaint is neither frivolous nor malicious. 28 U.S.C. § 1915(e)(2)(B)(i).  Therefore, Plaintiff Reyna's Complaint [Dkt. 1] satisfies the first requirement of Section 1915.

### B. Whether the Complaint States a Claim on Which Relief May be Granted

Next, the Court analyzes whether Plaintiff Reyna's Complaint states a claim upon which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(ii). Determining whether a complaint states a plausible claim is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2000). "The standard for determining whether a plaintiff has failed to state a claim upon which relief may be granted under § 1915(e)(2)(B)(ii) is the same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim." *Watison*, 668 F.3d at 1112 (citing *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000)). Under this familiar test for the sufficiency of a complaint, "[t]he Rule 12(b)(6) standard requires a complaint to 'contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'" *Wilhelm v. Rotman*, 680 F.3d 1113, 1121 (9th Cir. 2012) (citing *Iqbal*, 556 U.S. at 678). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678 (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). A pleading must "contain either direct or inferential allegations respecting all the material elements necessary to sustain recovery under *some* viable legal theory." *Twombly*, 550 U.S. at 562 (citation omitted) (emphasis in original).

Moreover, "[a]lthough a *pro se* litigant . . . may be entitled to great leeway when the court construes his [or her] pleadings, those pleadings nonetheless must meet some minimum threshold in providing a defendant with notice of what it is that it allegedly did wrong." *Brazil v. United States Dept. of Navy*, 66 F.3d 193, 199 (9th Cir. 1995). Defendants should receive fair notice of the claims and the facts grounding them from a complaint. *Twombly*, 550 U.S. at 555.

United States District Court
Northern District of California

In analyzing a complaint, one of the threshold issues is whether or not the complaint adequately alleges personal jurisdiction over the defendants. *See Steel Co. v. Citizens for Better Env't*, 523 U.S. 83, 93-102 (1998) (clarifying that a federal district court generally may not rule on the merits of a case without first determining that it has jurisdiction over the category of claim in suit and the parties). A court has the duty to examine whether it may properly exercise jurisdiction because federal courts are courts of limited jurisdiction. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994).

Under Rule 8(a)(1), Plaintiff's Complaint must adequately plead the basis for the Court's exercise of personal jurisdiction over Defendants. Here, the Complaint avers that Plaintiff is a resident of Texas and that Defendants (collectively referred to as "UnitedMasters") are a Delaware "entity" with its principal place of business in New York City. [Dkt. 1 at 4]. "Personal jurisdiction over a nonresident defendant is proper if permitted by a state's long-arm statute and if the exercise of that jurisdiction does not violate federal due process." *In re W. States Wholesale Nat. Gas Antitr. Litig.*, 715 F.3d 716, 741 (9th Cir. 2013) (footnote omitted) (citation omitted), *aff'd sub nom. Oneok, Inc. v. Learjet, Inc.*, 575 U.S. 373 (2015). California's long-arm statute confers the maximum jurisdiction permitted by the United States Constitution. CAL. CODE CIV. P. § 410.10 ("A court of this state may exercise jurisdiction on any basis not inconsistent with the Constitution of this state or of the United States."); *accord Harris Rutsky & Co. Ins. Servs., Inc. v. Bell & Clements Ltd.*, 328 F.3d 1122, 1129 (9th Cir. 2003). Therefore, the jurisdictional analysis here consists of a single inquiry into whether the exercise of personal jurisdiction over Defendants comports with the requirements of federal due process. *See Yamashita v. LG Chem, Ltd.*, 48 F.4th 993, 997 (9th Cir. 2022) ("[B]ecause California's long-arm statute allows courts to exercise personal jurisdiction over defendants to the extent permitted by the Due Process Clause, the Court need only determine whether personal jurisdiction would meet the requirements of due process.") (internal quotation marks and alterations omitted) (citation omitted).

The Fourteenth Amendment's Due Process Clause authorizes personal jurisdiction if two elements are met. First, a defendant must have purposefully established minimum contacts with the forum state. *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 476 (1985) (citing *Int'l Shoe Co. v.*

United States District Court
Northern District of California

*Washington*, 326 U.S. 310, 316 (1945)).  Second, the assertion of personal jurisdiction must comport with "traditional notions of fair play and substantial justice."  *Daimler AG v. Bauman*, 571 U.S. 117, 126 (2014) (quoting *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 923 (2011)); *see also Good Night Investments, LLC v. Kozlowski*, No. 5:25-cv-04576-BLF, 2026 WL 962780, at *2 (N.D. Cal. Apr. 9, 2026).  "Personal jurisdiction may be general or specific."  *Good Night Investments*, 2026 WL 962780, at *2 (citing *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 415–16 (1984)).

General personal jurisdiction over an entity exists when an entity is incorporated in the state where the district court is located, or the entity has a principal place of business in that state.  Fed. R. Civ. P. 4(k)(1)(A); *Impossible Foods Inc. v. Impossible X LLC*, 80 F.4th 1079, 1086 (9th Cir. 2023) (citing *Daimler AG*, 571 U.S. at 137).  Here, the UnitedMasters Defendants are neither incorporated in California, nor do they have a principal place of business in California, as admitted by the Complaint.  [Dkt. 1 at 4].

A non-resident defendant may be subject to general personal jurisdiction if it engages in "continuous and systematic general business contacts" in the forum state such that it is "at home" there. *Helicopteros Nacionales de Colombia, S.A.*, 466 U.S. at 416; *Daimler AG*, 571 U.S. at 139. Simply doing business in a forum state is not sufficient.  *See Daimler AG*, 571 U.S. at 139. "For an individual, the paradigm forum for the exercise of general jurisdiction is the individual's domicile; for a corporation, it is an equivalent place, one in which the corporation is fairly regarded as at home."  *Goodyear*, 564 U.S. at 924.  General jurisdiction permits a nonresident defendant "to be haled into court in the forum state to answer for any of its activities anywhere in the world." *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 801 (9th Cir. 2004) (citation omitted). "A court with general jurisdiction may hear any claim against that defendant, even if all the incidents underlying the claim occurred in a different State." *Bristol-Myers Squibb Co. v. Super. Ct. of Cal., S.F. Cnty.*, 582 U.S. 255, 262 (2017) (citing *Goodyear*, 564 U.S. at 919) (emphasis removed). Because of the extent and reach of general jurisdiction over a defendant, "only a limited set of affiliations with a forum will render a defendant amenable to" general jurisdiction in that state. *Daimler*, 571 U.S. at 137.

United States District Court
Northern District of California

6

United States District Court
Northern District of California

Here, the Complaint alleges no facts about Defendants' business activities to show UnitedMasters was "at home" in California. [Dkt. 1 at 4]. The Complaint merely alleges that UnitedMasters markets its services to "California-based artists" and (without any further detail) alleges that "Defendant transacts business in this District, distributes and markets its services to artists located in this District, and disseminates the challenged marketing representations and platform offerings to users in this District, including San Francisco County." *Id.* at 3-4. The Complaint is devoid of any factual allegations concerning whether any of Defendants activities have been continuous or systematic – there are no allegations as to temporal scope or continuity of Defendants activities in California at all. "Because the assertion of judicial authority over a defendant is much broader in the case of general jurisdiction than specific jurisdiction, a plaintiff invoking general jurisdiction must meet an 'exacting standard' for the minimum contacts required." *Ranza v. Nike, Inc.*, 793 F.3d 1059, 1069 (9th Cir. 2015) (quoting *CollegeSource, Inc. v. AcademyOne, Inc.*, 653 F.3d 1066, 1074 (9th Cir. 2011)). Here, the complete absence of pleading of the requisite jurisdictional facts relating to general jurisdiction readily leads to the conclusion that general jurisdiction is lacking. Therefore, the Court finds that the Complaint fails to adequately plead that general personal jurisdiction exists over Defendants here in the Northern District of California. Specific jurisdiction allows for the exercise of personal jurisdiction over defendants "less intimately connected" with the forum state, "but only as to a narrower class of claims." *Ford Motor Co. v. Mont. Eighth Jud. Dist. Ct.*, 592 U.S. 351, 352 (2021). Specific jurisdiction requires "an affiliation between the forum and the underlying controversy." *Bristol-Myers*, 582 U.S. at 262 (quoting *Goodyear*, 564 U.S. at 919). To be subject to specific jurisdiction, the defendant must take some act by which it "purposefully avails" itself of the privilege of conducting activities within the forum state. *Ford*, 592 U.S. at 359 (quoting *Hanson v. Denkla*, 357 U.S. 235, 253 (1958)). The Court determines if specific personal jurisdiction over a nonresident defendant is proper only if all the requirements of a three-prong test are satisfied:

> (1) The non-resident defendant must purposefully direct his activities or consummate some transaction with the forum or resident thereof; or perform some act by which he purposefully avails himself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws; (2) the claim must be one

which arises out of or relates to the defendant's forum-related activities; and (3) the exercise of jurisdiction must comport with fair play and substantial justice, i.e. it must be reasonable.

*Schwarzenegger*, 374 F.3d at 802.

The Plaintiff has the burden to satisfy the first two prongs of the specific jurisdiction inquiry. *Id.* (citation omitted).  If the plaintiff succeeds in satisfying the first two prongs, the burden then shifts to the defendant to "present a compelling case that the presence of some other considerations would render jurisdiction unreasonable." *Briskin v. Shopify, Inc.*, 135 F.4th 739, 751 (9th Cir. 2025) (quoting *Burger King*, 471 U.S. at 477).

"Purposeful availment" means Defendants either purposely availed themselves of the privileges of conducting activities in California, intending to "invok[e] the benefits and protections of its laws," or they purposely directed their out-of-state activities at California. *Schwarzenegger*, 374 F.3d at 802.  Purposeful availment may be shown by a defendant conducting business activities inside the state and representing itself as "setting up shop" or trying to "grow business" in the state, marketing that seeks "to establish a connection between the company and the physical location," a company's "founder, sole member, and brand incarnate" treating the state as a "home base," "base point," or "home," as well as operating for years in the state.  *Impossible Foods*, 80 F.4th at 1089; *see also Ford Motor*, 592 U.S. at 365 (specific personal jurisdiction exists where defendant systematically cultivated and served a market, shown by advertising vehicles in state, marketing the car models giving rise to claims in several formats, and fostering ongoing connections to cars' owners by maintaining and repairing cars and distributing replacement parts).

Here, as noted above, the Complaint alleges nothing about personal jurisdiction and thus provides no facts from which the Court can determine any basis for specific personal jurisdiction. The Complaint merely alleges that venue is proper because Defendants "transact[] business in this District, distribute[] and market[] . . . services to artists located in this District, and disseminate[] the challenged marketing representations and platform offerings to users in this District, including San Francisco County. A substantial part of the events giving rise to Plaintiff's claims occurred in this District." [Dkt. 1 at 3–4]. These conclusory allegations provide no averments about time or place of any specific actions, identify no employees of Defendants taking any such actions, and

8

provide no details on what specifically Defendants did when they "transact[ed]," "distribute[d]," "market[ed]," or "disseminate[d]" representations or services. Accordingly, the Court concludes that Plaintiff has failed to satisfy the first prong of the specific jurisdiction inquiry by failing to adequately plead that Defendants undertook acts by which they purposefully availed themselves of the privilege of conducting activities in California in order to invoke the benefits and protections of California laws.

Even assuming Plaintiff somehow adequately pled the first prong of the specific jurisdiction analysis, the Complaint wholly fails to satisfy the second prong. As noted, the second prong of the specific jurisdiction analysis requires that Plaintiffs' claims "arise[] out of or relate[] to" Defendants' contacts with California. *Briskin*, 135 F.4th at 750-51. Further, "[w]hen a plaintiff relies on specific jurisdiction, [they] must establish that jurisdiction is proper for 'each claim asserted against a defendant.'" *Picot v. Weston*, 780 F.3d 1206, 1211 (9th Cir. 2015) (quoting *Action Embroidery Corp. v. Atl. Embroidery, Inc.*, 368 F.3d 1174, 1180 (9th Cir. 2004)). As noted, the Complaint at best alleges that Defendants marketed and distributed services to users in this District. The first two causes of action are for federal and state misappropriation of trade secrets. [Dkt. 1 at 8-9]. Because the Complaint avers that UnitedMasters has its principal place of business in New York, while Plaintiff himself is a resident of Texas, there are no allegations in the Complaint that any trade secret misappropriation arose from or took place in California. [Dkt. 1 at 1, 4]. Similarly, the Fifth Cause of Action alleges tortious interference with prospective economic advantage and, for the same reasons, the Complaint contains no allegation that any acts of tortious interference occurred in California (and even liberally construing the Complaint, there is no plausible basis to conclude that the Defendants based in New York City undertook actions in California to interfere with a Texas-based Plaintiff). The remaining causes of action allege under various legal theories that Defendants somehow misrepresented its products through marketing and advertising, but the Complaint fails to allege how or why any marketing or advertising directed to California gives rise to any of these causes of action.

Accordingly, the Court finds that the Complaint fails to adequately plead a basis for the assertion of specific personal jurisdiction for each cause of action in this District.

United States District Court
Northern District of California

For these reasons, the Complaint fails to state a claim for purposes of the mandatory screening of Section 1915, because the Complaint does not adequately plead personal jurisdiction, and on that basis the Complaint must be dismissed. *See Twombly*, 550 U.S. at 570 ("Because the plaintiffs here have not nudged their claims across the line from conceivable to plausible, their complaint must be dismissed.").

### C. Whether Defendants Have Immunity from Monetary Relief

While the Court finds that the Complaint must be dismissed for failure to state a claim as discussed above, that does not end the inquiry. Under the mandatory screening statute, the final issue is whether the complaint seeks monetary relief against defendants who are immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(iii). Here, Plaintiff asserts private causes of action against private entities with regard to their private business activities, and no facts suggest that Defendants are acting as agents of a governmental entity or in any other way would trigger protection from immunity doctrines.

### D. Leave to Amend

As discussed above, the Court concludes that the Complaint should be dismissed for failure to state a claim under Section 1915. The Court has noted above deficiencies in the *pro se* pleading presented. Further, the Complaint indicates an intention to attach exhibits, but no exhibits were actually submitted with the Complaint. [Dkt. 1 at 12–15]. Further, as noted above, the Complaint refers to Defendants using "and/or" repeatedly. *See, e.g.*, Dkt. 1 at 4]. However, the Complaint admits that there exist two different UnitedMasters corporate entities but fails to allege bases for asserting jurisdiction over each of them separately. A plaintiff must demonstrate personal jurisdiction over each Defendant individually. *Sher v. Johnson*, 911 F.2d 1357, 1365 (9th Cir. 1990) ("Regardless of their joint liability, jurisdiction over each defendant must be established individually."); *Zeiger v. WellPet LLC*, 304 F. Supp. 3d 837, 848 (N.D. Cal. Jan. 17, 2018) ("Plaintiffs must make a prima facie showing of jurisdictional facts giving rise to specific jurisdiction over each defendant separately."); *Medimpact Healthcare Sys., Inc. v. IQVIA Holdings Inc.*, No. 19cv1865-GPC(LL), 2020 WL 1433327, at *5 (S.D. Cal. Mar. 24, 2020) ("[A] plaintiff must submit evidence supporting personal jurisdiction over each defendant, and cannot simply lump

10

them all together[.]") (citation omitted).

For these reasons, the Court concludes that the Complaint should be dismissed with leave to amend. *See Cox v. CoinMarketCap OPCO, LLC*, 112 F.4th 822, 836 (9th Cir. 2024) ("A dismissal for lack of personal jurisdiction does not adjudicate the merits and so should be without prejudice."). The Court provides the additional comments and guidance on the deficiencies in the Complaint because the Plaintiff is proceeding *pro se* and expects Plaintiff to address these issues in any amended complaint.

### CONCLUSION

Accordingly, the Court **DISMISSES WITHOUT PREJUDICE** Plaintiff Reyna's Complaint [Dkt. 1] pursuant to 28. U.S.C. § 1915. The Court **GRANTS** Plaintiff Reyna leave to file an amended complaint on or before **August 12, 2026,** to address the issues discussed herein.

The Court further **REMINDS** Plaintiff Reyna that there are several resources for *pro se* litigants, such as himself, regarding proceeding in this Court. *See* Dkt. 6 at 4.

The Court further **ADVISES** Plaintiff that the amended complaint **SHALL** include the caption and civil case number used in this order (26-cv-00060-PHK), and the words "FIRST AMENDED COMPLAINT" shall be written on the caption page. The Court recommends that Plaintiff use this Court's form complaint for drafting the amended complaint, available on the Court's website.

Because an amended complaint completely replaces the previous complaint, Plaintiff Reyna **SHALL** include in his first amended complaint all the claims he wishes to present and all the defendants he wishes to sue. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992); Fed. R. Civ. P. 10(a). The amended complaint **SHALL NOT** incorporate material from the prior Complaint by reference. As noted above, if Plaintiff intends to attach exhibits to any amended complaint, Plaintiff **SHALL** take steps to ensure that any such exhibits are actually filed properly with the amended complaint on the docket.

Plaintiff **SHALL** comply with all Court Orders in a timely fashion. When needed, Plaintiff may file a motion (prior to a deadline) requesting an extension of time to meet a Court-ordered deadline, and any such motion shall show good cause why there exists a need for a reasonable

United States District Court
Northern District of California

11

amount of additional time to complete the necessary tasks. Failure to file an amended complaint by the deadline herein may result in negative consequences for Plaintiff Reyna's case, including the potential for dismissal of this action with prejudice such as under Federal Rule of Civil Procedure 41(b) for failure to prosecute. Although Plaintiff has not consented to Magistrate Judge Jurisdiction, the Court retains authority over this case until the completion of the mandatory screening requirements pursuant to 28 U.S.C. § 1915.

This **RESOLVES** Dkt. 1.

**IT IS SO ORDERED.**

Dated: July 13, 2026

_____
PETER H. KANG
United States Magistrate Judge

United States District Court
Northern District of California